United States District Court
Southern District of Texas
**ENTERED**
June 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JORGE L ROSALES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-00224 |
| § | |
| NANCY A BERRYHILL, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Attorney Ronald D. Honig seeks a fee under 42 U.S.C. § 406(b) for successfully representing Social Security claimant Jorge L. Rosales. (D.E. 20). The Commissioner of Social Security ("Commissioner") responded to Honig's motion, but did not assert a position on the reasonableness of the request. (D.E. 22). Honig filed a reply. (D.E. 23).

In May 2018, this Court reversed the Commissioner of Social Security's ("the Commissioner") denial of Disability Insurance benefits ("disability benefits"), vacated the decision, and remanded for further proceedings. (D.E. 15). In July 2018, the Court awarded Honig attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $3,450.42. (D.E. 19). On remand, the Administrative Law Judge concluded that Rosales had been under a disability since November 25, 2014. (D.E. 20-1 at 11). On October 24, 2019, the Commissioner notified Rosales that he was due back Supplemental Security Income ("SSI") totaling $28,748.08. (*Id.* at 23). On April 26, 2020, the Commissioner notified Rosales that he was due back disability benefits totaling $64,859. (*Id.* at 17). However, because Rosales's disability benefits are at a level that disqualify

him for SSI, he was only entitled to SSI for the five months before he became eligible for disability benefits. Based on the SSI award notice, he was due $488.67 per month during this period, or a total of $2,443.35 in SSI benefits. (*See id.* at 23). This results in a total benefits award of $67,302.35.

In the present motion, Honig seeks an award of $10,825.58, which is equal to twenty-give percent of Rosales's total award of past-due disability and SSI benefits after subtracting the $6,000 Honig was awarded for his work in the administrative courts. (D.E. 20 at 4; D.E. 20-1 at 17). For the reasons discussed below, it is recommended that Honig's motion (D.E. 20) be **GRANTED**.

## I. RELEVANT LAW

When a court renders a judgment in favor of a Social Security claimant who was represented by an attorney, the court may allow a reasonable attorney's fee, not to exceed twenty-five percent of the total of past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1).

Section 406(b) does not displace contingency-fee arrangements as the primary means for determining the appropriate attorney's fees for a successful Social Security claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). However, a court must independently review each contingent-fee arrangement to ensure that it is reasonable in a particular case. *Id.* at 807. The twenty-five percent limit defined in the statute is a ceiling for fees and is not always reasonable. *Id.* A court may lower the fee award depending on the time and effort that the attorney expended. *Id.* at 808. The attorney bears the burden of showing that a fee is reasonable. *Id.* at 807 n.7. Here, Honig and his

client had a contingency-fee agreement entitling Honig to twenty-five percent of past-due benefits. (D.E. 20-1 at 42).

In determining whether a fee award should be lowered, the question is whether the fee award would be so large relative to the time that counsel spent on the case that counsel would receive a windfall. *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010). Accordingly, although the lodestar method does not control the analysis of a proper fee award under § 406(b), it is appropriate to consider an effective hourly fee rate "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* at 380. This is not merely a question of time spent working on the case, but rather whether the success of the case can be attributed to the attorney's work. *Id.* at 380-81. The Fifth Circuit has not provided an exhaustive list of factors to consider, but has noted that some factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82.

If an attorney receives fee awards under both the EAJA and § 406(b), he must refund the lesser award to the client. *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006).

## II. ANALYSIS

Here, an award of $10,825.58 is reasonable under the circumstances of this case. That total, in combination with the $6,000 that Honig already received from the

3

administrative court, equals exactly twenty-five percent of his client's past-due disability and SSI benefits.  (D.E. 20-1 at 17, 23).  Accordingly, while not determinative of reasonableness, the fee request does not exceed the maximum allowable under § 406(b). *See Gisbrecht*, 535 U.S. at 807.

Under the relevant factors acknowledged by the Fifth Circuit, first, courts have recognized that there is a substantial risk of loss in social security appeals.  *See, e.g., Charlton v. Astrue*, No. 3:10–CV–0056–O–BH, 2011 WL 6325905, at *4 (N.D.Tex.Nov .22, 2011), *rec. adopted*, 2011 WL 6288029 (N.D.Tex. Dec.14, 2011).  Counsel faced a significant risk of loss here as Rosales lost at the administrative level and the Commissioner fully briefed an argument against remand.  (*See* D.E. 12).

Second, because counsel represents that he worked 17.05 hours on the case and the fee award sought is $10,825.58, the resulting hourly rate is $634.93, or nearly 1.7 times counsel's standard hourly rate of $375.  (D.E. 20 at 14).  Both in absolute terms and as a percentage of his normal rate, this falls well below fee awards other courts have found to be reasonable.  *See Baker v. Colvin*, No. 3:11-CV-3497-M-BH, 2014 WL 6769080 at *3 (N.D. Tex. Dec. 1, 2014) (collecting cases).  Given counsel's extensive experience in social security law and the lack of success at the administrative level before he was hired, the success on appeal is reasonably attributable to his work.  (*See* D.E. 20 at 12-14).  Under the remaining factors, the fee reflects the favorable result obtained, given that Rosales received $67,302.35 in past-due benefits.  Further, while the fee represents the maximum of twenty-five percent of the past-due benefits, Rosales agreed to the

contingent-fee agreement, which is an indication that he consented to payment of this fee. *See Jeter*, 622 F.3d at 381-82; (D.E. 20-1 at 42-43).

Thus, after consideration of the relevant factors, the undersigned believes that the requested fee of $10,825.58 is reasonable and recommends that Honig's motion be granted.

### III. RECOMMENDATION

Accordingly, it is recommended that Honig's motion (D.E. 20) be **GRANTED** and that the Court find that he is entitled to a fee award of $10,825.58. Further, Honig must refund to his client the $3,450.42 award he previously received under the EAJA because it is the lesser of the two awards.

Respectfully submitted this 15th day of June, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).